CRAIG H. MILLET, SBN 106027, CMillet@gibsondunn.com
MICHELE L. MARYOTT, SBN 191993, MMaryott@gibsondunn.com
SOLMAZ KRAUS, SBN 223117, SKraus@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
3161 Michelson Drive
Irvine, California 92612-4412
Telephone: (949) 451-3800
Facsimile: (949) 451-4220

Proposed Attorneys for
Debtors and Debtors in Possession

UNITED STATES BANKRUPTCY COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

RIVERSIDE DIVISION

| | |
|---|---|
| In re<br><br>FLEETWOOD ENTERPRISES, INC., et al.,<br><br>Debtor, | CASE NO.: 09-14254-MJ<br><br>Chapter 11<br><br>[Jointly Administered] |
| ROBERT MYERS, on his own behalf and on behalf of all other persons similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>FLEETWOOD ENTERPRISES, INC.,<br><br>Defendant. | ADV. NO.: 6:09-ap-01105-MJ<br><br>**DEFENDANT FLEETWOOD ENTERPRISES, INC.'S ANSWER TO PLAINTIFFS' CLASS ACTION ADVERSARY PROCEEDING COMPLAINT** |

Defendant Fleetwood Enterprises, Inc. ("FEI"), for itself and itself alone, hereby answers Plaintiffs' Class Action Adversary Proceeding Complaint (the "Complaint").

**COMPLAINT**

1. Answering the allegations in paragraph 1 of the Complaint, this paragraph does not include any allegations to which FEI is required to provide a response.

**JURISDICTION AND VENUE**

2. Answering the allegations in paragraph 2 of the Complaint, FEI admits the allegations in this paragraph.

3. Answering the allegations in paragraph 3 of the Complaint, FEI admits the allegations in this paragraph.

## NATURE OF THE ACTION

4. Answering the allegations in paragraph 4 of the Complaint, FEI admits on information and belief that Plaintiff seeks to bring this action on his own behalf and on behalf of others pursuant to the statutes identified in the paragraph. FEI admits that Plaintiff was employed by Fleetwood Motor Homes of California, Inc. Except as expressly admitted herein, FEI denies the allegations in this paragraph.

5. Answering the allegations in paragraph 5 of the Complaint, FEI admits that Fleetwood Motor Homes of California, Inc. maintains a motor homes manufacturing facility located at 5300 Via Ricardo, Riverside, California, 92509 ("Facility"). Except as expressly admitted herein, FEI denies the allegations in this paragraph.

6. Answering the allegations in paragraph 6 of the Complaint, FEI admits the allegations in this paragraph.

7. Answering the allegations in paragraph 7 of the Complaint, FEI admits that Plaintiff worked for Fleetwood Motor Homes of California, Inc. at the Facility. Except as expressly admitted herein, FEI denies the allegations in this paragraph.

## CLASS ACTION ALLEGATIONS 29 U.S.C. § 2104

8. Answering the allegations in paragraph 8 of the Complaint, FEI admits that Fleetwood Motor Homes of California, Inc. terminated the employment of Plaintiff on March 9, 2009. Except as expressly admitted herein, FEI denies the allegations in this paragraph.

9. Answering the allegations in paragraph 9 of the Complaint, FEI admits on information and belief that Plaintiff seeks relief on behalf of a putative class for alleged violations of the WARN Act. Except as expressly admitted herein, FEI denies the allegations in this paragraph.

10. Answering the allegations in paragraph 10 of the Complaint, FEI denies the allegations in this paragraph.

11. Answering the allegations in paragraph 11 of the Complaint, FEI denies the allegations in this paragraph.

12. Answering the allegations in paragraph 12 of the Complaint, FEI admits that Plaintiff so alleges. Except as expressly admitted herein, FEI denies the allegations in this paragraph.

13. Answering the allegations in paragraph 13 of the Complaint, FEI denies the allegations in this paragraph.

14. Answering the allegations in paragraph 14 of the Complaint, FEI denies the allegations in this paragraph.

15. Answering the allegations in paragraph 15 of the Complaint, FEI denies the allegations in this paragraph.

16. Answering the allegations in paragraph 16 of the Complaint, FEI denies the allegations in this paragraph.

17. Answering the allegations in paragraph 17 of the Complaint, FEI admits that Fleetwood Motor Homes of California, Inc. did not give Plaintiff written notice of his termination prior to March 9, 2009. Except as expressly admitted herein, FEI denies the allegations in this paragraph.

18. Answering the allegations in paragraph 18 of the Complaint, FEI denies the allegations in this paragraph.

## CLASS ACTION ALLEGATIONS RULE 7023(a) AND (b)

19. Answering the allegations in paragraph 19 of the Complaint, FEI admits on information and belief that Plaintiff seeks relief on behalf of a putative class for alleged violations of the WARN Act. Except as expressly admitted herein, FEI denies the allegations in this paragraph.

20. Answering the allegations in paragraph 20 of the Complaint, FEI denies the allegations in this paragraph.

21. Answering the allegations in paragraph 21 of the Complaint, FEI denies the allegations in this paragraph.

22. Answering the allegations in paragraph 22 of the Complaint, FEI denies the allegations in this paragraph.

23. Answering the allegations in paragraph 23 of the Complaint, FEI denies the allegations in this paragraph.

Gibson, Dunn & Crutcher LLP

24. Answering the allegations in paragraph 24 of the Complaint, FEI denies the allegations in this paragraph.

25. Answering the allegations in paragraph 25 of the Complaint, FEI denies the allegations in this paragraph.

26. Answering the allegations in paragraph 26 of the Complaint, FEI admits that Plaintiff so alleges. Except as expressly admitted herein, FEI lacks sufficient information or belief to admit or deny the allegations in this paragraph and on that basis denies the allegations in this paragraph.

27. Answering the allegations in paragraph 27 of the Complaint, FEI denies the allegations in this paragraph.

28. Answering the allegations in paragraph 28 of the Complaint, FEI denies the allegations in this paragraph.

29. Answering the allegations in paragraph 29 of the Complaint, FEI denies the allegations in this paragraph.

30. Answering the allegations in paragraph 30 of the Complaint, FEI lacks sufficient information or belief to admit or deny the allegations in this paragraph and on that basis denies the allegations in this paragraph.

31. Answering the allegations in paragraph 31 of the Complaint, FEI denies the allegations in this paragraph.

32. Answering the allegations in paragraph 32 of the Complaint, FEI denies the allegations in this paragraph.

33. Answering the allegations in paragraph 33 of the Complaint, FEI admits that it can identify the employees of Fleetwood Motor Homes of California, Inc. who worked at the Facility. Except as expressly admitted herein, FEI denies the allegations in this paragraph.

34. Answering the allegations in paragraph 34 of the Complaint, FEI admits that it can identify the last known residence addresses for the employees of Fleetwood Motor Homes of California, Inc. who worked at the Facility. Except as expressly admitted herein, FEI denies the allegations in this paragraph.

Gibson, Dunn & Crutcher LLP

35. Answering the allegations in paragraph 35 of the Complaint, FEI admits that it has information concerning the rates of pay of the employees of Fleetwood Motor Homes of California, Inc. who worked at the Facility. Except as expressly admitted herein, FEI denies the allegations in this paragraph.

36. Answering the allegations in paragraph 36 of the Complaint, FEI denies the allegations in this paragraph.

## **THE CLAIM FOR RELIEF**

37. Answering the allegations in paragraph 37 of the Complaint, FEI admits that it has more than 100 full-time employees. Except as expressly admitted herein, FEI denies the allegations in this paragraph.

38. Answering the allegations in paragraph 38 of the Complaint, FEI denies the allegations in this paragraph.

39. Answering the allegations in paragraph 39 of the Complaint, FEI denies the allegation in this paragraph.

40. Answering the allegations in paragraph 40 of the Complaint, FEI admits the allegations in this paragraph.

41. Answering the allegations in paragraph 41 of the Complaint, FEI denies the allegations in this paragraph.

42. Answering the allegations in paragraph 42 of the Complaint, FEI denies the allegations in this paragraph.

43. Answering the allegations in paragraph 43 of the Complaint, FEI denies the allegations in this paragraph.

44. Answering the allegations in paragraph 44 of the Complaint, FEI denies the allegations in this paragraph.

45. Answering the allegations in paragraph 45 of the Complaint, FEI denies the allegations in this paragraph.

46. Answering the allegations in paragraph 46 of the Complaint, FEI denies the allegations in this paragraph.

47. Answering the allegations in paragraph 47 of the Complaint, FEI denies the allegations in this paragraph.

48. Answering the allegations in paragraph 48 of the Complaint, FEI denies the allegations in this paragraph.

49. Answering the allegations in paragraph 49 of the Complaint, FEI admits that Fleetwood Motor Homes of California, Inc. did not give Plaintiff written notice of his termination in advance of the date of his termination. Except as expressly admitted herein, FEI denies the allegations in this paragraph.

50. Answering the allegations in paragraph 50 of the Complaint, FEI denies the allegations in this paragraph.

51. Answering the allegations in paragraph 51 of the Complaint, FEI admits that Plaintiff was paid for work performed through the date of his termination. Except as expressly admitted herein, FEI denies the remaining allegations in this paragraph.

52. Answering the allegations in paragraph 52 of the Complaint, FEI denies the allegations in this paragraph.

53. Answering the allegations in paragraph 53 of the Complaint, FEI admits the allegations in this paragraph.

54. Answering the Prayer, FEI denies that Plaintiff and the putative class are entitled to the relief sought therein or any other relief.

FEI has alleged defenses as set forth below. By such pleading, FEI intends no alteration of the burden of proof as applicable to Plaintiff's claims. Furthermore, all defenses are pleaded in the alternative, and do not constitute an admission of liability as to whether Plaintiffs are entitled to any relief against FEI whatsoever.

## **FIRST SEPARATE AND ADDITIONAL DEFENSE**

1. The Complaint fails to state facts sufficient to constitute a valid claim for relief against Defendant FEI.

Gibson, Dunn & Crutcher LLP

## SECOND SEPARATE AND ADDITIONAL DEFENSE

2. The alleged claims in the Complaint against FEI are barred because such claims can only be brought by an employee against an employer, and FEI was not the employer of the named Plaintiff.

## THIRD SEPARATE AND ADDITIONAL DEFENSE

3. The alleged claims in the Complaint are barred, in whole or in part, because notice was not required to be given under 29 U.S.C. § 2102(b)(1) as a result of FEI's reasonable and good faith belief that giving notice would have precluded FEI from obtaining needed capital or business.

## FOURTH SEPARATE AND ADDITIONAL DEFENSE

4. The alleged claims in the Complaint are barred, in whole or in part, because notice was not required to be given under California Labor Code § 1402.5 as a result of FEI's reasonable and good faith belief that giving notice would have precluded FEI from obtaining needed capital or business.

## FIFTH SEPARATE AND AFFIRMATIVE DEFENSE

5. The alleged claims in the Complaint are barred, in whole or in part, because notice was not required to be given under 29 U.S.C. § 2102(b)(2)(A) as a result of business circumstances that were not reasonably foreseeable as of the time that notice would have been required.

## SIXTH SEPARATE AND AFFIRMATIVE DEFENSE

6. The alleged claims in the Complaint are barred, in whole or in part, because Plaintiff's employment was not terminated in connection with a "plant closing" or "mass layoff."

## SEVENTH SEPARATE AND ADDITIONAL DEFENSE

7. FEI is informed and believes and thereon alleges that Plaintiff is barred from maintaining a class action based on the following grounds: (1) joinder of all members of the purported class is not impracticable; (2) the claims asserted in the Complaint are not "typical" of the claims of the purported class; (3) the representative party will not fairly and adequately protect the interests of the purported class; (4) facts common to the purported class do not predominate over questions affecting only individual members; and (5) a class action lawsuit is not superior to other methods for the fair and efficient adjudication of the matter.

## **PRAYER FOR RELIEF**

WHEREFORE, Defendant FEI prays for judgment as follows:

1. That Plaintiff take nothing by his Complaint and that the same be dismissed with prejudice;

2. That FEI be awarded its costs of suit, including reasonable attorneys' fees to the extent allowable; and

3. That FEI be awarded such further relief as the Court deems just and proper.


Dated: April 13, 2009

                                              CRAIG H. MILLET
                                              MICHELE L. MARYOTT
                                              SOLMAZ KRAUS
                                              GIBSON, DUNN & CRUTCHER LLP


                                              By: /s/ Craig H. Millet
                                                              Craig H. Millet

                                              Proposed Attorneys for
                                              Debtors and Debtors in Possession

100634504_1.DOC

# CERTIFICATE OF SERVICE

I, Arlene R. Thompson, declare as follows:

I am employed in the County of Orange, State of California; I am over the age of eighteen years and am not a party to this action; my business address is 3161 Michelson Drive, Irvine, California 92612-4412, in said County and State. On April 13, 2009, I served the following document(s):

**DEFENDANT FLEETWOOD ENTERPRISES, INC.'S ANSWER TO PLAINTIFFS' CLASS ACTION ADVERSARY PROCEEDING COMPLAINT**

on the parties stated below, by placing a true copy thereof in an envelope addressed as shown below by the following means of service:

Ryan D. Lapidus, Esq.  Attorneys for Plaintiffs
Daniel C. Lapidus, Esq.
Lapidus & Lapidus
177 South Beverly Drive
Beverly Hills, CA  90212

Office of the United States Trustee
Attn:  Frank Cadigan and Elizabeth A. Lossing
Loring Building
3685 Main Street, Suite 300
Riverside, CA 92501

☒ **BY MAIL:** I placed a true copy in a sealed envelope addressed as indicated above, on the above-mentioned date. I am familiar with the firm's practice of collection and processing correspondence for mailing. It is deposited with the U.S. Postal Service on that same day in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ **BY PERSONAL SERVICE:** I placed a true copy in a sealed envelope addressed to each person[s] named at the address[es] shown and giving same to a messenger for personal delivery before 5:00 p.m. on the above-mentioned date.

☐ **BY EMAIL**: On the above-mentioned date, I caused a true copy of said document to be emailed to said parties' email addresses as indicated on the foregoing Service List.

☐ **BY UPS NEXT DAY AIR:** On the above-mentioned date, I placed a true copy of the above mentioned document(s), together with an unsigned copy of this declaration, in a sealed envelope or package designated by the United Parcel Service with delivery fees paid or provided for, addressed to the person(s) as indicated above and deposited same in a box or other facility regularly maintained by United Parcel Service or delivered same to an authorized courier or driver authorized by United Parcel Service to receive documents.

☒ I am employed in the office of Craig H. Millet, a member of the bar of this court, and that the foregoing document(s) was(were) printed on recycled paper.

☒ **(FEDERAL)** I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on April 13, 2009.

 /s/ Arlene R Thompson
Arlene R. Thompson

Gibson, Dunn & Crutcher LLP